FILED & ENTERED

MAR 20 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY adomingu DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

Vladimir Kasl,

Vera Kasl

Debtor(s).

Case No: SV-05-15311MT

Chapter: 13

**MEMORANDUM OF LAW FINDING CREDITOR OBJECTS & POSTERS, GMBH & CO. IN VIOLATION OF THE AUTOMATIC STAY**

Date: January 13, 2009
Time: 12:00 PM
Location:

**I.    Introduction**

This Court determined that Respondents Objects & Posters, GMBH & Co. ("O&P") and Vladimir Mueller ("Mueller") (the "Respondents" or the "Creditors") were unsecured creditors in the bankruptcy case of debtors Vladimir Kasl and Vera Kasl (the "Debtors"). Debtors brought this Motion for Intentional Violation of the Automatic Stay Against Objects & Posters GMBH & Co. & Vladimir Mueller Jointly & Severally [hereinafter the "Motion"] upon learning that Respondents had commenced collections proceedings in the Czech Republic. This Motion considers whether Creditor O&P is subject to sanctions for its attempts to persuade a Czech Republic court to execute and enforce a California judgment on Debtors' real property located at Dolni Lukavice 46, county of Pilsen-South, Czech Republic (the "Property").

-1-

## II. Chronology of Events

Debtors commenced their bankruptcy case in this Court by filing a voluntary petition under Chapter 7 of the Bankruptcy Code[1] on August 3, 2005. The automatic stay went into effect on this date with the filing of the initial petition, continued when the case was converted from Chapter 7 to 13, and will continue to be in effect as to the bankruptcy estate until the Court discharges Debtors' remaining debts, if any, upon full performance of their duties and obligations under the plan they filed pursuant to Chapter 13. On Schedule F of their initial petition, Debtors listed O&P, of which Mueller is the owner, as an unsecured non-priority creditor with a claim of $60,585.39 or a "pending" lawsuit. O&P is a German company in the business of printing and selling poster art. On October 12, 2006, the Court granted Debtors' motion to convert the case from a Chapter 7 to Chapter 13 proceeding. In accordance with Fed. R. Bankr. P. 3015(b), Debtors submitted a plan under Chapter 13 of the Bankruptcy Code (the "Plan"), fifteen days after the conversion of the case. The Plan provided that Debtors would pay $563.00 a month for a period of 60 months, or 25% of the allowed claims of the general unsecured creditors.[2] Pursuant to the Plan, O&P, a general unsecured creditor, will be paid $21,554.00, or 25% of its claim for $86,216.00, as filed on November 13, 2006. O&P filed its Objection to the Confirmation of Chapter 13 Plan (the "Objection") and Proof of Claim (the "Claim") on November 13, 2006. The Claim stated that O&P held a secured claim in the amount of $86,216.00 as of November 13, 2006, for a judgment entered in O&P's favor in the Superior Court of the State of California, for the County of Los Angeles. O&P asserted in the Objection that the judgment was entered in *Objects & Posters GMBH & Co. v. Kasl*, Case No. LC053748 and that the judgment was secured by real property in the Czech Republic, where it was duly recorded and perfected.

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§101 - 1530, the Federal Rules of Bankruptcy Procedure 1001 - 9037, and the Local Bankruptcy Rules of the United States Bankruptcy Court, Central District of California 1001-1 - 9075-1.

[2] First Am. Chapter 13 Plan, Section I(A).

-2-

     Debtors objected to O&P's Claim, arguing that the evidence supporting O&P's Claim was (1) inadmissible on grounds of hearsay and lacking in foundation, authentication, personal knowledge and completeness; (2) that the Debtors' valuation of the Property was legal, admissible, and accurate; and (3) that O&P's debt was unsecured. Numerous continuances were given to allow O&P to submit further evidence in support of its claim. O&P was represented by counsel in this Court who fully briefed and argued the issue. On September 11, 2007, the Court heard and orally granted Debtors' Motion Objecting to Claim of Objects & Posters GMBH & Co., decreed O&P's Proof of Claim unsecured, and determined the value of the real property located at Dolni Lukavice 46, County of Pilsen-South, Czech Republic to be $50,466.54. The Court entered the order on September 19, 2007. At the same hearing, the Court also orally confirmed Debtors' amended Chapter 13 Plan, and the order was entered on September 24, 2007. Pursuant to the confirmed Plan, Debtors have been making their payments and are current.

     On or about October 2008, Debtors learned that Respondents have been trying to persuade the District Court of Pilser-South, Czech Republic (the "CZR District Court"), to order the sale of Debtors' real property in the Czech Republic in order to pay its claim. In response, Debtors' attorney notified O&P's counsel of this development and gave a deadline by which time O&P was to stop its collection efforts. Debtors received no response from either O&P or opposing counsel, and thus Debtors filed and properly served this Motion on O&P, Mueller, and counsel, Mark Salzman, on November 7, 2008, requesting punitive damages and attorneys' fees in the amount of $10,000.00. Pursuant to LBR 9013-1(f), a response or opposition to this Motion should have been filed and properly served not later than December 2, 2008, or 14 days prior to the December 16, 2008, hearing date. Neither O&P nor Mueller submitted responses.

     Debtors allege that O&P requests the CZR District Court to order Debtors to sell the Property and deliver the proceeds of such sale to O&P as judgment creditor. In the Motion, Debtors and their

-3-

attorney declare and submit translated documents from the CZR District Court as exhibits alleging that O&P, with and through its owner, Mueller, intentionally misrepresented sections of the Bankruptcy Code and orders this Court issued in attempts to collect on its California Superior Court judgment in the Czech Republic. Specifically, Debtors file as part of Exhibit D a letter from O&P to the CZR District Court, dated January 23, 2008. In the letter, O&P refers to correspondence the CZR District Court sent to the Superior Court of California, Los Angeles, and the United States Bankruptcy Court as early as July 6, 2006, yet acknowledges that neither court received the correspondence. The letter also indicates O&P's belief that "Czech courts proceed in proceedings with an international element according to Czech legal rules and not according to those of the foreign state." Mot. at Ex. D.[3]

In a subsequent letter from O&P to the CZR District Court dated June 2, 2008, O&P characterized documents submitted by Debtor Vera Kasl as "forged documents," and stated there is "no law in California which would forbid a Czech court from carrying out execution against the property of an American citizen in accordance with a legally valid and enforceable judgment of a California court." The June 2, 2008 letter also reiterates a statement O&P made to the CZR District Court on May 14, 2008[4]: "As far as the decision of the bankruptcy court is concerned, the basic amount of $85,216.00 was awarded to us, rather than $62,950.00." *Id.* The only finding regarding O&P's Claim that this Court made, however, was an implicit finding that O&P's Claim was an unsecured claim for $86,216.00. Order on Debtors' Objection to Claim of Objects & Posters GmBH & Co. (entered September 19, 2007).

The Court continued the hearing on this Motion until April 14, 2009, and issued an interim order (the "Order") on January 5, 2009, because there was no opposition or response to Debtors' counsel's

---

[3] "I am of the opinion that in accordance with the provisions of §48 of law no. 97/1963 Coll. regarding international private and procedural law, Czech courts proceed in proceedings with an international element according to Czech legal rules and not according to those of the foreign state." Mot. at Ex. C., Letter dated January 23, 2007, ¶5.
[4] The May 14, 2008 letter states that the judgment debt is $86,226.00, but the June 2, 2008 letter uses $85,216 as the amount of the award.

-4-

requests to stop collection efforts in the Czech Republic. The interim order states, "It is hereby ordered, and adjudged and decreed that:

1. No individual, creditor or entity shall take any action that will affect the property located at Dolni Lukavice 46, County of Pilsen South in the Czech Republic, (the "Dolni Lukavice property"), including but not limited to selling and/or executing any judgments on the property, until further order of this United States Bankruptcy Court.
2. The automatic stay provided by Title11, United States Code, section 362(a) is in effect and applicable to Dolni Lukavice property.
3. The hearing is continued to January 13, 2009 at 12:00 p.m.
4. A copy of this order be mailed by Air Mail to the District Court for South Plezen by the debtors to each address known to them as courts or judges potentially involved in legal activity related to the Dolni Lukavice property."

### III. Applicable Law

#### A. Extraterritorial Application of the Bankruptcy Code

"Congress has unquestioned authority to enforce its laws beyond the territorial boundaries of the United States ... Whether Congress has exercised such authority in a particular case is a matter of statutory construction." *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998), *cert. denied*, 525 U.S. 1141 (1999)[hereinafter *Simon*](citing *E.E.O.C. v. Arabian-American Oil Co.*, 499 U.S. 244, 248 (1991); *Stegeman v. United States*, 425 F.2d 984, 986 (9th Cir. 1970)(*en banc*)). The presumption is that Congress means for its legislation "to apply only within the territorial jurisdiction of the United States" absent contrary intent. *Id.* (quoting *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285 (1949)). Where Congressional intent is indeterminable, the presumption is not applied if restricting application of the legislation to the territorial jurisdiction of the United States would "result in adverse effects within the United States," or if the "regulated conduct is 'intended to, and results in, substantial effects within the United States.'" *Id.* (quoting *Environmental Defense Fund,*

*Inc. v. Massey*, 986 F.2d 528, 531 (D.C. Cir. 1993) and *Laker Airways, Ltd. v. Sabena Belgian World Airlines*, 731 F.2d 909, 925 (D.C. Cir. 1982)). The express language of the Bankruptcy Code rebuts the presumption that Congress intended to restrict jurisdiction of the bankruptcy court to the territorial jurisdiction of the United States.[5] The commencement of a case under §§301, 302, or 303 of the Bankruptcy Code creates an estate. 11 U.S.C. §541(a). All legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case comprise the estate, *wherever located and by whomever held*. *Id.*, (emphasis added). With this express language, Congress "intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate." *Simon*, 153 F.3d at 996; *see also* 28 U.S.C. §1334(e).

**B. Personal Jurisdiction**

Congress has given the Bankruptcy Court authority to exercise jurisdiction over the extraterritorial interests of the bankruptcy estate, but the Bankruptcy Court must also have personal jurisdiction over the parties to the action. In a bankruptcy case where the debtor voluntarily files a petition, the debtor submits to personal jurisdiction of the court sitting in the district in which he filed. Similarly, a creditor who files a claim in a bankruptcy case commenced under the Bankruptcy Code pursuant to 11 U.S.C. §501 submits to the general jurisdiction of the bankruptcy court presiding over the bankruptcy case and subjects itself to that court's equitable power. *See* Samuel L. Bufford, et al., *International Insolvency* 15 (Federal Judicial Center 2001)[hereinafter *Bufford*]; *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990). This applies to both domestic and foreign creditors who file claims. By filing a proof of claim, a creditor grants the bankruptcy court power to enforce its orders against the creditor with respect to assets of the debtor or estate both within and outside of the territorial jurisdiction of the

---

[5] Additionally, Congress granted extraterritorial jurisdiction to the bankruptcy court through the doctrine of *in rem* jurisdiction. *In rem* jurisdiction grants a court jurisdiction over a *res* or thing situated in the state or jurisdictional boundaries. The creation of the estate at the commencement of a case simultaneously creates the fiction that the property that comprises the estate is legally located within the jurisdictional boundaries of the district in which the court sits regardless of the actual location. *See Simon*, 153 F.3d at 996 (citations omitted).

United States. When a creditor files its claims, it "assumes certain risks" and forfeits certain legal claims. *Simon*, 153 F.3d at 997. One type of claim a creditor who submits to jurisdiction of the bankruptcy court forfeits is the right to "claim the court lacks power to enjoin ... post-bankruptcy collection proceedings against the debtor." *Id.* Furthermore, since bankruptcy converts legal claims into an equitable claim to a pro rata share of the estate, a creditor who files a claim assumes the risk that it will not be able to collect the full amount of its claim. *Id.* (quoting *Katchen v. Landy*, 382 U.S. 323, 336 (1966)).

### C. The Automatic Stay

#### 1. Duration of the Automatic Stay

Commencement of a bankruptcy case invokes the automatic stay under 11 U.S.C. §362(a), which protects the debtor and the property of the estate. Among other actions, the stay operates to prohibit "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. §362(a)(6). Where the debtor did not have a single or joint case pending within the previous year, the automatic stay "continues until such property is no longer property of the estate" and continues until the case is closed, dismissed, or a discharge is granted or denied. 11 U.S.C. §362(c). In a Chapter 13 case, the debtor may file a plan with the petition, or within 15 days of converting a case to Chapter 13. Fed. R. Bankr. P. 3015. After the court confirms the plan pursuant to the requirements of 11 U.S.C. §1325, the provisions of that plan are binding on the debtor and each creditor, regardless of whether or not the plan provides for the claim of a creditor. 11 U.S.C. §1327(a). Furthermore, except as otherwise provided in the plan or order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. 11 U.S.C. §1327(b). Once the debtor completes making payments pursuant to the confirmed plan, the court shall grant the debtor a discharge of all remaining debts or under applicable bankruptcy law. 11 U.S.C. §1328. If the court dismisses a debtor's debts, it will issue a discharge injunction "which permanently prohibits all creditors ... from taking or continuing any

activity to collect a debt from the debtor or the debtor's assets." *Bufford*, at 16. Until such time, however, the provisions of the automatic stay under 11 U.S.C. §362(c) remain in effect. Taken together, the protection of the automatic stay under 11 U.S.C. §362 applies to all legal and equitable interests of the bankruptcy estate. These interests include a debtor's foreign pre-petition assets automatically turned over to the bankruptcy estate when the case commences.

### 2. Violation of the Automatic Stay

Section 362(k)(1) of the Bankruptcy Code allows "an individual injured by any willful violation of a stay ... [to] recover actual damages, including cost and attorneys' fees, and in appropriate circumstances, ... recover[y of] punitive damages." Where the violator acts on the good faith belief the stay has terminated, a court shall limit recovery to actual damages. 11 U.S.C. §362(k)(2). Violation of the automatic stay is actionable if it is willful. *In re* Montgomery, 2008 Bankr. LEXIS 2211 (Bankr. D. Mont. Aug. 21, 2008). The test for willfulness requires that (1) the violator know that a stay is in effect and (2) that the actions which violate the stay are intentional. *See Morris v. Peralta*, 317 B.R. 381, 388 (B.A.P. 9th Cir. 2004); *In re* White, 2007 Bankr. LEXIS 2354, 14 (Bankr. D. Ariz. July 9, 2007)(where the court characterized notice of the debtor's bankruptcy filing to constitute knowledge that a stay is in effect). Moreover, the offending party's good faith belief that it had a right to the property is irrelevant in determining "willful" or whether to award compensation. *Montgomery*, at 16–17 (quoting *In re* INSLAW, Inc., 83 B.R. 89, 165 (Bankr. D.D.C. 1998)). Thus, "any deliberate act taken in violation of a stay, which the violator knows to be in existence justifies an award of actual damages. An additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages pursuant to [11 U.S.C. §362(k)]." *Crysen/Montenay Energy Co. v. Esselen Associates, Inc.*, (*In re* Crysen/Monetenay Energy Co.), 902 F.2d 1098, 1104 (2nd Cir. 1990)[hereinafter *Crysen*]. More to the point, the Ninth Circuit has held that "a creditor who attempts collection of pre-

petition debt after it knows of the debtor's bankruptcy is subject to sanctions for willful violation of the automatic stay." *In re* Del Mission Ltd., 98 F.3d 1147, 1151 (9th Cir. 1996).

**IV.    Analysis**

Debtors' foreign real property assets in the Czech Republic became property of the estate on August 3, 2005, as soon as Debtors filed their petition for bankruptcy. *Simon*, at 996; *see also In re Artimm, S.r.l.*, 278 B.R. 832, 840 (Bankr. C.D. Cal 2002); *In re* Lykes Bros. S.S. Co., Inc., 191 B.R. 935, 936 (Bankr. M.D. Fla. 1995). Likewise, the protections of the automatic stay under 11 U.S.C. §362 went into effect on August 3, 2005, and continued upon conversion of the case from Chapter 7 to Chapter 13. The automatic stay applied to all assets of the estate, including the Property. Although Debtors' Plan has been confirmed and Debtors are current in their payments to the Trustee pursuant to that Plan, the Court has yet to discharge Debtors' debts. Until the discharge is entered pursuant to 11 U.S.C. §524, the automatic stay is still in effect. 11 U.S.C. §§362(c) and 1328.

This Court has power to enforce the automatic stay with respect to the Property and issue sanctions for violation thereof because there is no evidence of concurrent or prior main or ancillary insolvency proceedings outside the United States[6] involving Debtors, and Respondents failed to file either an objection to the instant Motion challenging the Court's jurisdiction over the Property or a motion for relief from the automatic stay. In enforcing the provisions of the automatic stay, the Court enjoins O&P from continuing to pursue enforcement of its judgment against Debtors outside this Court. O&P filed its Claim for $86,216.00 with this Court on November 13, 2006. By filing its claim, O&P voluntarily participated in Debtors' domestic bankruptcy case and submitted to this Court's jurisdiction.

---

[6] The doctrine of international comity does not require this Court to vacate the January 5, 2009 Order. International comity proposes that a "statute 'ought never to be construed to violate the law of nations, if any other possible construction remains.'" *See Simon*, 153 F.3d at 998 (quoting *Murray v. The Charming Betsy*, 6 U.S. 64 (1804)). Essentially, comity is "the recognition ... one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." *Id.*, (quoting *Hilton v. Guyot*, 159 U.S. 113 (1895)). In this case, as in other matters of "international comity in transnational insolvency proceedings," the philosophy of "deference to the country where the primary insolvency proceeding is located" controls the Bankruptcy Code and this Court's reading of the Code. *Id.*

*See Langenkamp*, 498 U.S. at 44. Respondents may choose to begin collection proceedings in the Czech Republic, but in doing so after participating in Debtors' domestic case, Respondents assumed the risk of incurring bankruptcy court sanctions in the United States, just as O&P assumed certain risks by filing its Claim against Debtors in this Court. *See id.* at 44-45; *Simon*, 153 F.3d at 997. When O&P submitted to this Court's jurisdiction, O&P voluntarily assumed the risk that Debtors' estate would not be large enough to satisfy fully O&P's Claim. Upon reviewing O&P's Claim and Objection to the Plan, this Court found that O&P's Claim was *not* secured by Debtors' Property in the Czech Republic. Thus, O&P is an unsecured creditor and must accept that it is unlikely to collect on its judgment against Debtors in the sum of $86,216.00.

O&P never sought relief from the automatic stay in this Court. After voluntarily participating in Debtors' bankruptcy case, O&P, presumably unsatisfied with the results of the proceedings, instead sought relief from the CZR District Court. Such act was a willful violation of the automatic stay. O&P had notice of Debtors' bankruptcy case and therefore knew or should have known that the automatic stay was in effect. By seeking relief as a judgment creditor in the CZR District Court, O&P acted with intent. Clearly, O&P's actions meet the willful violation test. The Court will impose sanctions and the main issue remaining is the appropriate amount. At the very least, Debtors should recover actual damages, namely, the costs associated with bringing the instant Motion, including attorneys' fees, and the costs incurred in defending the CZR District Court proceedings. The Court may even impose punitive damages since O&P's collection attempts were not based on a good faith belief that the automatic stay was not in effect or did not apply as to O&P. *See Crysen*, 902 F.2d at 1104. In light of O&P's willful violation in the absence of good faith, Debtors' request for punitive damages and attorneys' fees in the amount of $10,000.00 is reasonable.

It is important to note that the Court's injunctive powers do not restrain the CZR District Court, but enjoin creditor O&P from participating in proceedings in the CZR District Court to enforce a

judgment entered against Debtors.[7] If the Court could not enjoin such proceedings or issue sanctions against O&P, the result would be akin to allowing foreign creditors or creditors with interests outside the territorial boundaries of the bankruptcy court to disregard its orders. Such result would have substantial effects within the United States, namely, domestic bankruptcy proceedings would prove ineffective in protecting debtors and estates with foreign contacts. The bankruptcy courts would be powerless to "control and marshal the assets of the debtor." *Simon*, 153 F.3d at 996 (quoting *Underwood*, 98 F.3d at 961). This type of effect within the United States would also operate to rebut the presumption that extraterritorial effect of a statute does not apply. *Id.* at 997.

## V. Conclusion

Debtors commenced this case in this Court, and O&P submitted to the general jurisdiction of this Court by participating in Debtors' bankruptcy proceedings. The Court therefore grants Debtors' Motion for Intentional Violation of the Automatic Stay, enjoins O&P from seeking relief in the District Court of Plzen-South, and awards $10,000.00 for actual and punitive damages and attorneys' fees to Debtors.

MAR 2 0 2009

*/s/ Maureen Tighe*

---

[7] This Court's *in rem* jurisdiction over the bankruptcy estate serves as "sufficient basis to restrain another court's proceedings," including "foreign proceedings." *Simon*, 153 F.3d at 996 (citations omitted). In fact, the Seventh Circuit expressly held in *Underwood v. Hilliard* (*In re* Rimsat, Ltd.), 98 F.3d 956, 961 (7th Cir. 1996), that "the bankruptcy court's *in rem* jurisdiction over estate property allows an international proceeding to be enjoined pursuant to the automatic stay," lest the international proceeding dilute the efficacy of the domestic bankruptcy proceedings. *Simon*, 153 F.3d at 996. However, such basis does not arise where O&P participated in the U.S. bankruptcy proceeding and thus submitted to this Court's jurisdiction.

- 11 -

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) <u>Memorandum of Law</u> was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>March 11, 2009</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Matthew D Resnik    matt@resniklaw.com
- Elizabeth (SV) Rojas    cacb_ecf@ch13wla.com
- Kevin T Simon    kevin@ktsimonlaw.com
- Gilbert B Weisman    notices@becket-lee.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Portfolio Recovery Associates, LLC.
PO BOX 41067
Norfolk, VA 23541

**Vladimir & Vera Kasl**
6215 Mary Ellen Avenue
Van Nuys, CA 91401

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

| Category I (Served by the Court via Notice of Electronic Filing ("NEF")). | Category II (Served by Court via U.S. mail). |
|---|---|
| | **Objects and Posters GMBH & Co.**<br>Mainzlarer Street 6<br>35460 Staufenberg 1 (Hessen)<br>Germany<br><br>**Vladimir Mueller**<br>6528 Firmament Avenue<br>Van Nuys, CA 91406<br><br>**Vladimir Mueller**<br>**V Dymaku 177**<br>**250 90 Jirmy Czech Republic E**<br><br>**Vladimir Mueller**<br>**Mainslarer Strasse 6**<br>**35460 Staufenberg**<br>**Germany** |

Category III (To be served by the lodging party).